75C01-1803-PL-000003
Filed: 3/13/2018 2:42 PM
Clerk
USDC IN/ND case 3:18-cv-00270-DRL  document 7    filed 03/13/18   page 1 of 7
Starke Circuit Court
Starke County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE STARKE CIRCUIT COURT |
| | )SS: | |
| COUNTY OF STARKE | ) | 2018 CALENDAR TERM |
| CLOSE ARMSTRONG LLC | ) | CAUSE NO: 75C01-1803-PL-____ |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| TRUNKLINE GAS COMPANY | ) | |
| Defendant. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff for its cause of action against the Defendant alleges and states:

1. Plaintiff is the owner of the following described real estate in Starke County, Indiana:

   All that part of the North Half (N ½) of the Northwest Quarter (NW ¼) of Section 12, Township 33 North, Range 1 West, lying south of the center line of the present established dredged ditch known as the Gjemre Ditch.

   Also, all that part of the South Half (S ½) of the Southwest Quarter (SW ¼) of Section 1, lying south of the said Gjemre Ditch, all in Township 33 North, Range 1 West of the 2nd P.M., Starke County, Indiana.

2. Said real estate is burdened by a right-of-way easement to Trunkline Gas Company recorded September 5, 1959 in Book 108 Page 263 et seq. in the office of the Recorder of Starke County, Indiana (See Ex. A).

3. Said easement is undefined and unnecessarily burdens the entire tract.

4. That this court has the authority to determine the extent of an easement of undefined width and its other demensions in order to locate the easement, its course, width and the deminsions in order to preclude burdening the entire tract.

5. Pursuant to Indiana Trial Rules of Civil Procedure 57 and I.C. 34-14-1-1 et seq., this court is requested to locate and define the demensions and course of said easement.

6. A controversy exists that needs resolution by this court.

WHEREFORE, Plaintiff requests that this Court enter a declaratory judgment locating the easement on the tract in order to not burden the entire tract and for all other proper relief.

**WYLAND, HUMPHREY & CLEVENGER, LLP**

/s/ Jere L. Humphrey
Jere L. Humphrey, 7885-50
319 West Jefferson Street, P.O. Box 158
Plymouth, IN 46563
Tel: (574) 936-2169
Fax: (574) 936-2642
jhumphrey@whwclaw.com

Received for record Sept. 5, 1959 at 9:00 A.M.

_____ RECORDER

#79642

STATE OF INDIANA  }
                  } SS
COUNTY OF STARKE  }

RIGHT OF WAY AGREEMENT

—o—

KNOW ALL MEN BY THESE PRESENTS: that the undersigned, Leo A. Paull, and Vincent G. Paull, single, and as joint tenants, (hereinafter called GRANTOR, whether one or more) for and in consideration of One Dollar in hand paid, receipt of which is hereby acknowledged, and in further consideration of One Dollar ($1.00) per linear rod to be paid before the first pipe line is laid, does hereby grant, bargain, sell, convey, and warrant unto TRUNKLINE GAS COMPANY (a Natural Gas Company under the Act of Congress of June 21, 1938, 15 U.S.C.A. 717) a Delaware corporation, 1_s successors and assigns (hereinafter called GRANTEE) a right of way and easement to construct, lay, maintain, operate, alter, repair, remove, change the size of, and replace one or more pipe lines and appurtenances thereto (including without limitation Cathodic Protection equipment) for the transportation of oil, gas, petroleum products or any other liquids, gases or substances which can be transported through pipe lines, the Grantee to have the right to select, change, or alter the routes of such pipe

EXHIBIT "A"

1/4

lines under, upon, over, and through lands which the undersigned owns or in which the undersigned has an interest, situated in the County of Starke, State of Indiana, described as follows:

All that part of the N½ of the NW¼ of section 12 lying south of the center line of the present established dredge ditch known as the Gjemre Ditch;

Also that part of the S½ of the SW¼ of section 1 south of the said Gjemre Ditch, all in township 33 north, range 1 west of the 2nd P.M.

more fully described in deed from _____ to Leo A. Paull, et al recorded in Volume 94, page 100, Deed Records of said County and State, to which reference is here made.

By the terms of this agreement, Grantee is granted the right to lay, construct, maintain, operate, alter, repair, remove, change the size of, and replace at any time or from time to time one or more additional lines of pipe and appurtenances thereto, said additional lines not to necessarily parallel any existing line laid under the terms of this agreement. Provided, however, that for each additional line laid after the first line is laid hereunder, Grantee shall pay Grantor, his heirs or assigns, One Dollar ($1.00) per lineal rod of additional pipe line laid under, upon, over or through said hereinabove described property.

The Grantee, its successors and assigns, is hereby expressly given and granted the right to assign said right of way and easement herein granted and conveyed, or any part thereof, or interest therein. The same shall be divisible among two or more owners as to any right or rights granted hereunder so that each assignee or owner shall have the rights and privileges herein granted, to be owned and enjoyed either in common or in severalty.

TO HAVE AND TO HOLD unto the Grantee, its successors and assigns, with ingress to and

to have and to hold unto the Grantee, its successors and assigns, with ingress to and egress from the premises for the purposes herein granted.

The said Grantor may fully use and enjoy said premises except for the purposes herein granted to the said Grantee and provided the said Grantor shall not construct or permit to be constructed any house, structures or obstructions on or over or that will interfere with the construction, maintenance or operation of any pipe line or appurtenances constructed hereunder and will not change the grade of such pipe line.

Grantee hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of the soil and agrees to pay for any damage to growing crops and fences which may arise from the construction, maintenance and operation of said lines. Said damage, if not mutually agreed upon, shall be ascertained and determined by three disinterested persons, one thereof to be appointed by said Grantor, one to be appointed by the Grantee, its successors or assigns, and the third to be chosen by the two persons appointed as aforesaid. The written award of such three persons shall be final and conclusive.

It is mutually understood and agreed that this agreement as written covers all the agreements and stipulations between the parties and that no representations or statements, oral or written, have been made modifying, adding to, or changing the terms hereof.

All payments hereunder may be made by check or draft of Grantee direct or by mail to Grantor at Knox, Indiana, R. #2, or to _____ at _____, who is hereby appointed agent and is authorized to recieve and reciept for the same; or, at the option of Grantee such payments may be made by depositing the same in _____ Bank, at _____.

IN WITNESS WHEREOF, the Grantors herein have executed this conveyance this 17th day of June, 1959.

WITNESSES:                                    Leo A. Paull    Vincent G. Paull
   B. O. Walton
   B. Walton

This instrument prepared by B. O. Walton, Agent for Trunkline Gas Company.

I.R. $0.55 Cancelled)

3/4

ACKNOWLEDGMENT FOR HUSBAND AND WIFE

STATE OF INDIANA,
COUNTY OF STARKE    SS:

Before me, a Notary Public, this 17th day of June, 1959 _____ and _____, his wife, severally acknowledged the execution of the annexed Right of Way Agreement.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

Claude Keiser,
Claude Keiser, Notary Public

My Commission expires 6-18-63 (LS)

ACKNOWLEDGMENT FOR SINGLE PERSON

STATE OF INDIANA,
COUNTY OF STARKE    SS

Before me, a Notary Public, this 17th day of June, 1959, Leo A. Paull & Vincent G. Paull acknowledged the execution of the annexed Right of Way Agreement.

And the said Leo A. Paull & Vincent G. Paull further declared themselves to be single and unmarried.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal the day and year first above written.

Claude Keiser, Notary Public

My commission expires 6-18-63 (LS)

Received for record Sept. 5, 1959 at 9:00 A.M.

_____ RECORDER

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE STARKE CIRCUIT COURT |
| | )SS: | |
| COUNTY OF STARKE | ) | 2018 CALENDAR TERM |

| | | |
|---|---|---|
| CLOSE ARMSTRONG LLC | ) | CAUSE NO: 75C01-1803-_____ |
|     Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| TRUNKLINE GAS COMPANY | ) | |
|     Defendant. | ) | |

**SUMMONS – CERTIFIED MAIL, RETURN RECEIPT**

State of Indiana to Defendant:  TRUNKLINE GAS COMPANY
C/O CT CORPORATION SYSTEM
36 South Pennsylvania Street, Suite 700
Indianapolis, IN  46204

You have been sued by the person named "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the Complaint which is attached to this document.  It also states the demand which the Plaintiff has made and wants from you.

You must answer the Complaint in writing, by you or your attorney, within twenty (20) days, commencing the day after you receive this Summons, or judgment will be entered against you for what the Plaintiff has demanded.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

Date: __3/14/2018__, 2018                              _Vicki L. Cooley_ TT
                                                                       Clerk, Starke Circuit Court

The following manner of service is hereby designated:    CERTIFIED MAIL, RETURN RECEIPT



Jere L. Humphrey, 7885-50
**Wyland, Humphrey & Clevenger, LLP**
319 West Jefferson Street
P.O. Box 158
Plymouth, IN 46563
(574) 936-2169

**ACKNOWLEDGMENT OF SERVICE OF SUMMONS**

A copy of the above Summons and a copy of the Complaint attached thereto were received by me at _____, this _____ day of _____, 2018.

_____
Signature of Defendant